## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No: 8:14-cr-358-T-27MAP**

**WAYNE L. BRODERICK**

_____ /

### ORDER

**BEFORE THE COURT** is Defendant Broderick's *pro se* "Motion for Reduction of Sentence Per 3582(c)(1)(A) Application 1(D)." (Dkt. 70). A response is unnecessary. The motion is **DENIED**.

Broderick was convicted of possession with intent to distribute cocaine (Count Three), and possession of a firearm in furtherance of a drug trafficking crime (Count Four). (Dkt. 41). He was sentenced as a career offender to 180 months on Count Three and a consecutive term of 60 months on Count Four. (Dkt. 55 at 45). His convictions and sentence were affirmed on appeal. *United States v. Broderick*, 645 F. App'x 870 (11th Cir. 2016). And his motion under 28 U.S.C. § 2255 was denied. (Dkts. 66, 69).

Broderick now seeks a sentence reduction "pursuant to 3582(c)(1)(A) in the wake of the First Step Act based on 'extraordinary and compelling reasons.'" (Dkt. 70 at 1). He asserts that he was sentenced to a "term of incarceration longer than Congress now deems warranted for the crimes he committed," that his sentence was "harsh," and that his career offender enhancement was incorrectly applied. (Id. at 1-2). Last, he asserts that he is "fully rehabilitated and has recovered from his past drug addiction and he accepts full responsibility of his prior past misconduct." (Id. at 3). His assertions, however, do not entitle him to compassionate release or a sentence reduction.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available

to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[1] Broderick asserts that he requested the Warden to file a motion on his behalf and includes a purported copy of the request reflecting that it was received on August 11, 2020. (Dkt. 70 at 1); (Dkt. 70-1 at 1-2). Rather than provide a denial letter from the Warden, Broderick asserts that the Warden "did not act upon [his] request." (Dkt. 70 at 1). However, even if he did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting compassionate release.

Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Broderick fall within these circumstances. Indeed, courts have found that "post-sentencing developments" in the law, including disparities in sentencing based on a career offender enhancement, do not constitute an extraordinary and compelling reason warranting a sentence reduction.[2] *See United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020

---

[1] This exhaustion requirement cannot be waived. *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

[2] In any event, contrary to Broderick's assertions, his career offender enhancement was supported by two convictions for controlled substance offenses. (Dkt. 70 at 2); (Dkt. 32 ¶ 39); *see also United States v. Wiseman*, 932 F.3d 411, 420 (6th Cir. 2019) (observing that the First Step Act "did not affect the definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1"). And his challenge to the application of the career offender enhancement was previously rejected. *See* Case No. 8:18-cv-1058-T-27SPF.

WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases). And Broderick does not provide any determination by the Director of the BOP that his assertions constitute an extraordinary and compelling reason. Last, while Broderick's rehabilitation efforts are admirable, *see* (Dkt. 70 at 3); (Dkt. 70-1 at 4-7), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In summary, Broderick's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 8th day of October, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record